**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY D. SIMON, <br><br> Plaintiff, <br><br> v. <br><br> GRACE MACAULAY, et al., <br><br> Defendants. | Civil Action No. 22-6092 (KMW) (EAP) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiff Timothy D. Simon's civil rights complaint. (ECF No. 1.) As Plaintiff has paid the applicable filing fee and is a state prisoner seeking to sue governmental entities and employees – *i.e.*, the Camden County Prosecutor's Office and two of its prosecutors – this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.     BACKGROUND**

Plaintiff is a state pre-trial detainee who was arrested in Houston, Texas, on a Camden County warrant in January 2016. (ECF No. 1 at 2.) According to Plaintiff, this arrest warrant was "invalid" for unspecified reasons. (*Id.*) Since 2016, he has remained in pretrial detention in

Camden, New Jersey, while his criminal case proceeds.[1] (*Id.* at 2-8.) Plaintiff believes that he has been subjected to malicious prosecution, including but not limited to the falsifying of his arrest warrant and certain unspecified documents, and that he has been improperly denied his right to a Speedy Trial. (*Id.*)

## II.  **LEGAL STANDARD**

Because Plaintiff is a state prisoner who seeks redress from employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

---

[1] Documents Plaintiff has attached to his complaint appear to suggest that at least some of this lengthy delay may well be the result of disagreements between Plaintiff and his attorneys, at least one of whom has sought to withdraw from his case, on how to proceed with his defense. (*See* ECF No. 1-1 at 1.)

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. **DISCUSSION**

In his current complaint, Plaintiff seeks to raise three types of claims – claims in which he asserts he was falsely arrested and/or imprisoned based on an allegedly invalid warrant, claims in which he asserts he has been subjected to malicious prosecution in the form of prosecutors engaging in the falsification of documents and intentional delay of his case, and claims asserting that he has been denied his right to a speedy trial. This Court will address each in turn.

Turning first to Plaintiff's false arrest and imprisonment claims, civil rights claims raising false arrest and false imprisonment share the same elements - that a plaintiff was arrested or taken into government custody and that the government agents effectuating this seizure lacked probable cause to do so. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000). Although Plaintiff claims that the warrant that led to his arrest was "falsified" and "invalid," he provides no factual allegations to support these conclusions. He also fails to allege any facts which would clearly indicate a lack of

3

probable cause on Defendants' behalf. Plaintiff has therefore failed to plead a plausible claim for relief for false arrest or imprisonment, and those claims are dismissed without prejudice at this time.[2]

Plaintiff's malicious prosecution claims also fail to set forth a valid basis for relief. In order to plead a viable claim for malicious prosecution, a plaintiff must plead, *inter alia*, that his criminal proceedings terminated in his favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As Plaintiff alleges that his criminal proceedings have not concluded in his favor as of yet, his claims for malicious prosecution are premature and must be dismissed without prejudice for failure to state a claim for relief. *Id.*

In his final series of claims, Plaintiff seeks to indirectly attack his ongoing state court criminal proceedings by claiming that his right to a speedy trial is being violated by his ongoing criminal proceedings. While a federal court generally has an obligation to hear and decide cases raised before it, under the *Younger* abstention doctrine, this Court must abstain from hearing cases which would "threaten[] to interfere with . . . state criminal prosecutions." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine is thus "an exception to the [general rule of hearing all cases over which the

---

[2] The Court further notes two potential hurdles beyond those noted herein – first, all three Defendants are either prosecutors or a state prosecutor's office. Such entities and its employees are generally immune from suit for cases raising claims related to the charging and prosecution of crimes, and Defendants may well be immune from suit for the claims Plaintiff now raises. *See, e.g., See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). Second, the Court notes that Plaintiff was arrested in 2016, and presumably was arraigned shortly thereafter. Claims for false arrest and/or imprisonment generally accrue once a Defendant is held over pursuant to legal process, which generally occurs following arraignment or a bond hearing. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). As civil rights claims in this District are subject to a two year statute of limitations, *see Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013), and Plaintiff was likely arraigned in 2016, his false arrest claims, absent some basis for tolling, would almost certainly be time barred. Should Plaintiff choose to raise his false arrest or imprisonment claims in an attempted amended complaint, he should therefore explain why those claims should not be dismissed as time barred.

court has jurisdiction] that applies when certain types of state proceedings are ongoing at the time a federal case is commenced." *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020). Abstention in such cases serves a dual purpose – it promotes comity through a "proper respect for state functions" including abstaining from interfering in ongoing judicial proceedings, and it restrains equity jurisdiction from operating when state courts provide an adequate forum for litigating constitutional issues. *Id.* Because speedy trial claims can be remedied by dismissal motions in a state criminal proceeding, and success on such a claim would directly impugn the validity of an ongoing prosecution, the Third Circuit has recognized that the *Younger* doctrine requires courts to refrain from hearing speedy trial and related claims in a civil rights action prior to the end of a plaintiff's state court criminal proceedings. *See, e.g., Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010). This Court must therefore refrain from hearing Plaintiff's speedy trial claims at this time, and will dismiss Plaintiff's complaint without prejudice in its entirety at this time.[3]

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[3] Although *Younger* does not apply in the rare case where criminal charges have been imposed solely in bad faith and to harass a criminal defendant, *See Duran*, 399 F. App'x at 759 n. 4, Plaintiff has failed to provide anything other than conclusory allegations to the effect that his prosecution is in any way improper. In the absence of concrete factual allegations suggesting bad faith or purely harassing intent on the part of the prosecutors, *Younger* bars this Court from hearing Plaintiff's claims at this time.