**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY D. SIMON, | |
| Plaintiff, | Civil Action No. 22-6092 (KMW) (EAP) |
| v. | **OPINION** |
| GRACE MACAULAY, et al., | |
| Defendants. | |

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiff Timothy D. Simon's amended complaint. (ECF No. 5.) As Plaintiff has paid the applicable filing fee and is a state prisoner seeking to sue governmental entities and employees – *i.e.*, the Camden County Prosecutor's Office and two of its prosecutors – this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.   BACKGROUND**

Plaintiff is a state pre-trial detainee currently detained in the Camden County jail. (ECF No. 1 at 2; ECF No. 5 at 2.) In his initial complaint, Plaintiff asserted that he was being subjected to prolonged pre-trial detention following an arrest on an arrest warrant which Plaintiff alleged was "invalid" for unspecified reasons. (ECF No. 1 at 2.) Following that arrest, Plaintiff has remained detained in New Jersey. In 2018, he filed a speedy trial motion in his criminal case, but

that motion was denied. (ECF No. 5 at 4-6.) In his amended complaint, Plaintiff once again alleges, without providing much in the way of context, that he is being denied Due Process and his right to a speedy trial in his ongoing state court criminal proceedings. (*Id.*) Plaintiff thus seeks to raise claims against two state prosecutors, alleging what appears to be malicious prosecution and violations of Plaintiff's right to a Speedy Trial. (*Id.*)

Although Plaintiff's amended complaint is not detailed and provides almost no further information itself, Plaintiff has attached to that complaint several documents. In addition to a copy of this Court's opinion screening the initial complaint, Plaintiff provides a brief letter listing his disagreement with this Court's prior opinion, acting under the assumption that his initial complaint was dismissed because he did not use "all the legal language [he] might not understand." (ECF No. 5-1 at 6.) Plaintiff also provides several documents which he believes elucidate his speedy trial, which he believes suggest that his ongoing prosecution is a sham. (*Id.*)

The additional documents Plaintiff contends support his claim, however, do not make out the allegations Plaintiff provides. What those documents do detail, however, is that Plaintiff is currently charged with murdering his former paramour in 2010. *Id.* at 12-13.) DNA evidence taken from the decedent indicates that she engaged in sexual contact with Plaintiff prior to her death, and that DNA samples recovered from her finger nails, vagina, and clothing, all contain samples of Plaintiff's DNA and none of those samples point to someone other than Plaintiff or the decedent.[1] (*Id.*) Plaintiff also provides a letter from a judge previously assigned to his state court criminal case in which the judge explains to Plaintiff that his mere allegation of an improper arrest

---

[1] Plaintiff, misreading the DNA report, asserts that the report states that he was not the source of DNA found in the victim's underwear in support of his allegation that the prosecution is delaying his trial for want of evidence. The report, however, states only that the samples so recovered "fail to meet the criteria for entry into the CODIS database" but that the samples in any event match the DNA of Plaintiff and the victim. (ECF No. 5-1 at 13.) The DNA report thus does not support Plaintiff's assertions, but instead is directly inculpatory.

is not an automatic basis for the dismissal of Plaintiff's charges, and that at least some of the delay in Plaintiff's trial was caused by a motion, filed by Plaintiff's then attorney seeking to permit that attorney to withdraw from the case. (*Id.* at 9-10.) The documents submitted thus do not support Plaintiff's bald assertion of Due Process violations, nor do they cure the amended complaint's lack of any detail.

## II.    LEGAL STANDARD

Because Plaintiff is a state prisoner who seeks redress from employees of a governmental entity, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In his amended complaint, Plaintiff seeks to raise two claims, a vaguely defined Due Process violation on the part of state prosecutors which this Court construes as a claim for malicious prosecution,[2] and a claim for violations of Plaintiff's speedy trial rights. Plaintiff names as Defendants two individual prosecutors – Grace MacAulay and Cynthia Russomanno. All of Plaintiff's claims against these two Defendants relate directly to actions they have taken as part of Plaintiff's criminal prosecution. As this Court previously explained to Plaintiff, however, prosecutors are entitled to immunity from suit in a federal civil rights action for claims directly tied to their actions in seeking, presenting, and pursuing convictions on criminal charges. *See,*

---

[2] In his initial complaint, this Court also construed Plaintiff to be raising a false arrest claim based on the allegedly faulty warrant and his resulting arrest. This Court dismissed that claim without prejudice as Plaintiff failed to allege facts indicating a lack of probable cause, an essential element to such a claim. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000). It does not appear that Plaintiff is raising that claim in his amended complaint as he makes no clear mention of it, and this Court thus does not construe Plaintiff to be raising a false arrest claim at this time. To the extent Plaintiff intended to reraise that claim, it would still fail to state a claim for relief as Plaintiff has once again failed to allege facts indicating a lack of probable cause, and has not clearly alleged any facts indicating that any named Defendant was actually involved in his arrest.

4

*e.g.*, *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). Defendants are thus clearly immune from suit in this matter. *Id.* Plaintiff's amended complaint must therefore be dismissed with prejudice as both Defendants are immune from suit in this matter.

Even putting that issue aside, however, there are several additional issues. First, turning to the issue of malicious prosecution, Plaintiff has once again failed to plead an essential element of such a claim – that his criminal proceedings terminated in his favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Thus, even if the Defendants were not immune, that claim would still be directly subject to dismissal for failure to state a plausible claim for relief. Finally, Plaintiff's speedy trial claim in turn seeks to have this court find fault with Plaintiff's lengthy pre-trial detention and thus directly interfere in an ongoing state court criminal proceeding. However, as this Court explained previously to Plaintiff, a District Court must abstain from hearing any claim that would require the Court to interfere with an ongoing state criminal proceeding, such as a speedy trial claim. *See ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971); *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010). Although *Younger* may not apply in the rare case where a criminal proceeding is sought in bad faith and to harass the plaintiff, *see Duran*, 399 F. App'x at 759 n. 4, the documents Plaintiff has provided clearly indicates this is not the case – DNA evidence directly ties him to the victim in his criminal proceeding, clearly indicating that there is at least some evidence directly connecting him to the victim shortly before her death. As Plaintiff fails to provide any evidence of true bad faith or purely harassing motive, *Younger* clearly applies, and this Court could not hear Plaintiff's claims at this time even were Defendants not immune. Plaintiff's amended complaint must therefore be dismissed.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 5) shall be **DISMISSED WITH PREJUDICE** as both named Defendants are immune from suit.  An order consistent with this Opinion will be entered.

                                                                Hon. Karen M. Williams,
                                                                United States District Judge